UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE/OPELOUSAS DIVISION

| | | |
|---|---|---|
| CHRISTIAN A. KALIVODA | : | CIVIL ACTION NO. _____ |
| VERSUS | : | JUDGE _____ |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, ET ALS | : | MAGISTRATE JUDGE _____ |

-------------------------------------------------------------------------------------------------------------------

**PETITION FOR DISABILITY INSURANCE BENEFITS,
PENALTIES AND ATTORNEY'S FEES**

-------------------------------------------------------------------------------------------------------------------

The petition of **CHRISTIAN A. KALIVODA**, a competent major resident of and domiciled in Evangeline Parish, Louisiana, with respect represents:

1.

That made defendants herein are **UNUM LIFE INSURANCE COMPANY OF AMERICA**, (hereinafter referred to as UNUM) a foreign insurance company authorized to do and doing business in the State of Louisiana; and **THE PAUL REVERE LIFE INSURANCE COMPANY,** (hereinafter referred to as Paul Revere Life) a foreign insurance company authorized to do and doing business in the State of Louisiana; who are justly, and truly indebted, jointly, severally and in solido unto your petitioner for all benefits due, damages, statutory penalties and attorney fees, together with legal interest from date of judicial demand, until paid, and for all costs of these proceedings, for the following reasons, to-wit:

2.

For substantial premiums, defendant, **UNUM LIFE INSURANCE COMPANY OF AMERICA**, issued to **CHRISTIAN A. KALIVODA**, a disability insurance policy, providing for short term and long term disability, along with disability income, through and along with co-defendant, **THE PAUL REVERE LIFE INSURANCE COMPANY**, under policy no. #6-7414705; and by contract in and between **UNUM** and co-defendant, **PAUL REVERE LIFE INS. CO.**, the said **UNUM** was named the group plan administrator of said disability plan.

3.

Petitioner shows that for a period of time commencing on or about February 9, 2007 petitioner, **CHRISTIAN A. KALIVODA**, was unable to continue working, sought medical treatment, which caused him to be disabled and therefore in accordance with the policy of insurance and contract with defendant, plaintiff is eligible for disability benefits therein.

4.

Petitioner shows that in accordance with the policy and contract of insurance with defendants, he has filed and completed all of the mandatory forms and requirements necessary to receive said disability benefits due and owing him by defendants.

5.

Petitioner shows that the Defendants, in accordance with this disability plan, did find the Petitioner to be "disabled" and on or about May 10, 2007 Defendants did approve and commence the payment of "partial disability" benefits in the sum of $1,250.00 per month, along with disability income benefits in the sum of $1,000.00 per month; and said disability benefits were paid to Petitioner for a period of five (5) months from May 10, 2007 through September 30, 2007 pursuant to this said disability plan/policy(s); and a that time suspended and ceased payment of all future disability benefits and/or disability income payments unto petitioner.

6.

Petitioner shows that he has been and continued to be treated by his treating physician, Dr. Thad S. Broussard, in Baton Rouge, Louisiana, along with other physicians and specialist, for a period of fourteen (14) months, from February 8, 2007 through March of 2008, when Petitioner was released to resume his "full duties"; and Petitioner further shows that he has provided defendants with all medical reports and narratives of his treating physician showing plaintiff to be disabled for the limited and specific period at issue.

7.

Petitioner shows that at the time of this claims, that he was disabled and continued to be disabled for the period of time until his release on or about March of 2008, and the above named and numbered group policy was in full force and effect and the premiums, if any, were paid in current.

8.

Petitioner shows that defendants had ample opportunity to investigate these claims but have failed to make all of the payments due thereunder, and that because the defendants has arbitrarily and capriciously failed to pay this claim as provided under the terms of this policy, your petitioner is entitled to statutory penalties, damages and attorney's fees provided by the laws and revised statutes of the State of Louisiana and ERISA.

9.

Petitioner shows specifically, defendants herein, **UNUM LIFE INSURANCE COMPANY OF AMERICA and THE PAUL REVERE LIFE INSURANCE COMPANY**, have refused to pay the full disability benefits and disability income benefits due to petitioner for the six (6) month from date the benefits were suspended September of 2007 through March of 2008, in violation of defendant's contract(s) with petitioner; and has refused to pay these amounts due under said policy.

10.

Petitioner shows that after repeated futile attempts by Petitioner personally to have defendants pay the full disability benefits amount, that petitioner sought the assistance of an attorney and was forced to employ his attorney, Gary J. Ortego, to pursue payment of these benefits.

11.

Petitioner shows that a certified demand letter was sent to defendant, **UNUM**, on or about February 16, 2009, by petitioner's attorney, and again Defendants' denied Petitioner's claim for benefits.

12.

Petitioner further shows that petitioner requested a hearing/ appeal of the Defendant's, **UNUM and PAUL REVERE INS.**, denial of benefits by defendant and by notice and letter of July 13, 2009, Defendants having again denied Petitioner's benefits and administrative appeal; and therefore, petitioner's administrative appeals and remedies have been totally exhausted.

13.

Defendants continued to refuse to pay disability benefits and all of this has caused petitioner great emotional stress and mental anguish for which petitioner seeks from defendant recompense.

14.

Petitioner shows that defendant, **UNUM and PAUL REVERE LIFE**, have arbitrarily, capriciously, unjustly, and unreasonably breached its contract and duty towards the petitioner by not payment the full amount due under his disability benefits, and disability income benefits, within the legal delays allowed by Louisiana Law, from the date of the written notice and proof, as required by law.

15.

Petitioner shows that because defendants have unjustly and unreasonably failed to pay these benefits due petitioner, as provided by LSA R.S. 22:657, et seq., defendant is liable for penalty payments to the petitioner, together with reasonable attorney fees, to be determined by this Court, in addition to the normal benefits due under the policy in the amounts above stated, which will be proven at trial in this matter.

16.

Petitioner shows that he is entitled to and desire an award of all damages which are just and reasonable, under the circumstances of this case, including, but not limited to, payment of petitioner's disability benefits, disability income benefits; along with past, present, and future pain and suffering and mental anguish; statutory penalties, together with reasonable attorney fees, with legal interest from date of judicial demand, and for all costs of these proceedings.

17.

Petitioner further alleges that it will be necessary that a copy of the policy be provided to the petitioner by defendant, **UNUM and PAUL REVERE LIFE**, and request that an order be issued herein, ordering the defendants to do so, within 30 days, file a certified copy of any disability policy issued to your petitioner.

**WHEREFORE PETITIONER PRAYS**, that defendants be duly served with a copy of this petition and cited to appear and answer same and that after, all proceedings had, that there be judgment herein in favor of petitioner, **CHRISTIAN A. KALIVODA**, and against defendants, **UNUM LIFE INSURANCE COMPANY OF AMERICA, and THE PAUL REVERE LIFE INSURANCE COMPANY**, jointly, severally and in-solido, for full disability benefits, for all damages which are just and reasonable, under the circumstances of this case, statutory penalties, in addition to the normal benefits due under the policy, together with reasonable attorney fees, interest from date of judicial demand, and for all costs of these proceedings.

**PETITIONER FURTHER PRAYS** for all just and equitable relief.

```
                    RESPECTFULLY SUBMITTED:
                    GARY J. ORTEGO, A PROFESSIONAL
                    LAW CORPORATION



             BY     s/Gary J. Ortego
                    Gary J. Ortego
                    Bar Roll #1518
                    P. O. Drawer 810
                    Ville Platte, LA 70586
                    (337) 363-0707 - Office
                    (337) 363-6879 - Fax
```

**SERVICE INFORMATION:**
Please serve defendants as follows:

1) **UNUM LIFE INSURANCE COMPANY OF AMERICA**
     P.O. Box 15112, 18 Chestnut Street, Worcester, MA.   01608

2)**THE PAUL REVERE LIFE INSURANCE COMPANY**
     P.O. Box 100262, Columbia, SC   29202